UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MELISA MARQUEZ-BARRIOS (2), Defendant. | Case No.: 21cr777-WQH-2 **ORDER** |

HAYES, Judge,

The matter before the Court is the Motion for Compassionate Release, filed by Defendant Melisa Marquez-Barrios. (ECF No. 188.)

## I. BACKGROUND

On October 6, 2022, Defendant pled guilty pursuant to a plea agreement to two counts of Conspiracy to Import Controlled Substances, in violation of 21 U.S.C. §§ 952, 960 and 963. (ECF No. 97–98.)

On February 18, 2025, Defendant was sentenced to 30 months' custody as to each count to run concurrently, followed by three years of supervised release. (ECF No. 177–178.) This sentence was below the low end of the range established by the advisory United States Sentencing Guidelines ("U.S.S.G."), after all adjustments and departures.

On May 23, 2025, Defendant self-surrendered into custody. (ECF No. 184 at 1.) According to the Government, Defendant's projected release date is January 18, 2027. (ECF No. 193 at 2.)

On November 25, 2025, Defendant, proceeding pro se, filed the pending Motion for Compassionate Release. (ECF No. 188.) Defendant moves the Court for an Order releasing her from custody pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Defendant requests compassionate release because her mother, who is the primary caretaker of Defendant's minor children, is "incapacitated and unable to take care of [Defendant's] three children." (ECF No. 188 at 3.) Defendant attaches her mother's medical records from September 12, 2025, indicating that her mother has "small effusion [fluid in joints], some arthritis, patellar malalignment [a knee condition] and varicose veins." (ECF No. 188-1 at 2.) Defendant's mother complained of lower back pain and sciatica, and was prescribed ibuprofen and prednisone. *Id*. at 3–4. Defendant also attached her mother's medical records from visits in 2024 and 2023, indicating that her mother has previously had knee pain and been diagnosed with obesity and anxiety. *Id*. at 6–7, 15–16.

On December 1, 2025, the Court appointed Federal Defenders of San Diego, Inc. ("Federal Defenders") to review the Motion for Compassionate Release pursuant to General Order 692-B. (ECF No. 189.)

On December 31, 2025, Federal Defenders filed a status report stating that Federal Defenders "concludes the Court can decide the motion on the existing record without further assistance of counsel." (ECF No. 191 at 1–2.)

On January 6, 2026, the Court relieved Federal Defenders of representation of Defendant and ordered a briefing schedule on the Motion for Compassionate Release. (ECF No. 192.)

The Government filed an opposition to the Motion for Compassionate Release. (ECF No. 193.)[1] The Government asserts: "Defendant fails to meet her burden to demonstrate that her mother's medical condition is incapacitating"; "Defendant has failed to explain why her three adult siblings who reside with [her] mother cannot care for children"; and "the factors under 18 U.S.C. § 3553(a) do not support release." *Id*. at 4, 5, 6.

The docket reflects that Defendant failed to file a reply despite being given the opportunity to do so. (*See* ECF No. 192.)

## II. DISCUSSION

"Our justice system relies on the finality of criminal judgments." *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025) (citing *Teague v. Lane*, 489 U.S. 288, 309 (1989)). "Once imposed, a sentence may be altered 'only in very limited circumstances.'" *Id*. (quoting *Pepper v. United States*, 562 U.S. 476, 501–02 n.14 (2011)). "With 18 U.S.C. § 3582(c)(1)(A), Congress provided one such 'narrow' exception—sometimes called compassionate release—for when 'extraordinary and compelling reasons' warrant reducing a defendant's sentence." *Id*. (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)). Defendant's pending Motion for Compassionate Release is brought pursuant to § 3582(c)(1)(A), which states that, "the court … may reduce the term of imprisonment …, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction."

"Sentence reduction under § 3582(c)(1)(A) is discretionary." *Bryant*, 144 F.4th at 1123 (citing *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022)). "The statute allows that discretion to be exercised only when three conditions are met. First, the district court must find that 'extraordinary and compelling reasons' warrant a sentence reduction." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)). "Second, the reduction must be 'consistent with

[1] The Government agrees that Defendant has complied with the exhaustion requirement for bringing a motion pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 193 at 4.)

applicable policy statements issued by the Sentencing Commission.'" *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)). "Third, the district court must consider the sentencing factors in 18 U.S.C. § 3553(a)—including the nature of the offense and the defendant's characteristics—to determine 'whether the requested sentence reduction is warranted under the particular circumstances of the case.'" *Id*. (quoting *Wright*, 46 F.4th at 945; citing *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945 (citation omitted). Defendant bears the "burden to establish [her] eligibility for compassionate release." *Id*. at 951.

"Congress did not define the first condition, 'extraordinary and compelling reasons.'" *Bryant*, 144 F.4th at 1123. "It instead instructed the Sentencing Commission—'in promulgating general policy statements' for § 3582(c)(1)(A)—to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *Id*. (quoting 28 U.S.C. § 994(t)). "Congress put one limit on that delegation: 'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Id*. (quoting 28 U.S.C. § 994(t)).

"The Commission answered Congress's call with § 1B1.13 of the Sentencing Guidelines." *Id*. As relevant to the pending motion, the policy statement in § 1B1.13 defines "extraordinary and compelling reasons" to include "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. § 1B1.13(b)(3)(A). "The Commission also included a provision for 'Other Reasons.'" *Bryant*, 144 F.4th at 1124 (quoting U.S.S.G. § 1B1.13(b)(5)). "But that category is narrow—it is restricted to reasons 'similar in gravity' to the listed examples." *Id*. (quoting U.S.S.G. § 1B1.13(b)(5)).

The Supreme Court recently stated that, "[w]hile Congress has not defined the 'extraordinary and compelling reasons' that may warrant a reduced sentence, these criteria

are not empty vessels." *Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026). The Supreme Court called this "a demanding standard," *id*., and stated that "'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing." *Rutherford v. United States*, 146 S. Ct. 1320, 1330 (2026).

First the Court considers whether Defendant has satisfied her burden of showing of "extraordinary and compelling reasons" pursuant to U.S.S.G. § 1B1.13(b)(3)(A), i.e., "[t]he death or incapacitation of the caregiver of" Defendant's children. For the purposes of § 1B1.13(b), "[i]ncapacitation must be adequately proven by the defendant through medical records or other forms of supporting evidence." *United States v. Moore*, No. 21-CR-02565-GPC-1, 2025 WL 2345226, at *4 (S.D. Cal. Aug. 13, 2025) (collecting cases). "'Incapacitated' has been interpreted to mean 'completely disabled,' and to refer to someone who 'cannot carry on any self-care and is totally confined to a bed or chair.'" *Id*. (citations omitted). Defendant submits her mother's medical records summarized above, which establish that her mother has been diagnosed with medical conditions such as arthritis, a knee condition, varicose veins, back pain, sciatica, obesity, and anxiety. (*See* ECF No. 188-1.) However, these records indicate that Defendant's mother's conditions are managed through medication and lifestyle adjustments. The records fail to adequately support Defendant's assertion that her mother is incapacitated within the meaning of U.S.S.G. § 1B1.13(b)(3)(A). Not only is this evidence insufficient to show that Defendant's mother is incapacitated, it also is insufficient to show that there are "[o]ther" "extraordinary and compelling reasons" warranting a sentence reduction that are similar in gravity to the examples listed in U.S.S.G. § 1B1.13(b). For this reason alone, the pending motion must be denied. *See Wright*, 46 F.4th at 945.

The Court also "consider[s] the sentencing factors in 18 U.S.C. § 3553(a)—including the nature of the offense and the defendant's characteristics—to determine whether the requested sentence reduction is warranted under the particular circumstances of the case." *Bryant*, 144 F.4th at 1123 (quotation omitted). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than

necessary … (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2). The Court must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (6).

As discussed at sentencing and in the Presentence Report, Defendant recruited her co-defendant, flew with her co-defendant to Mexico to discuss drug-trafficking with a smuggler, coordinated her co-defendant's travel from Utah to Mexico and back to the United States border with 17.17 kgs methamphetamine (actual) and 516 grams of heroin concealed in a vehicle. Defendant asserted that she acted at the direction of her abusive boyfriend, and for this reason, the Court found that a minor role departure was appropriate despite Defendant's recruitment and direction of her co-defendant. Approximately two years before the offense conduct in this case, Defendant was convicted of possession of methamphetamine with intent to distribute. The Court finds that Defendant's repeated involvement in drug trafficking, the seriousness of the instant offense, the need to protect the public from further crimes of the Defendant, the need for adequate deterrence to criminal conduct, and to avoid unwarranted sentence disparities for similarly situated defendants (like the co-defendant who was recruited and directed by Defendant and served a 24-month sentence), all support the below-Guidelines custodial sentence of 30 months that the Court imposed. The Court finds that Defendant's commendable progress while incarcerated, her mother's health issues, and Defendant's understandable desire to resume caring for her children are not sufficient to alter the balance of the section 3553(a) factors that the Court found at sentencing. For this reason alone, the pending motion must be denied.

## III. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Compassionate Release is denied. (ECF No. 188.)

Dated: July 27, 2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court